# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA

## CIVIL RIGHTS COMPLAINT FORM FOR
## PRO SE, PRISONER LITIGANTS IN ACTIONS UNDER
## 28 U.S.C. § 1331 or § 1346 or 42 U.S.C. § 1983

NATHANIEL R. BRAZILL ,

Inmate ID Number: _____ ,

_____ ,

*(Write the full name and inmate ID
number of the Plaintiff.)*

Case No.: 5:21cv99-TKW/MJF
*(To be filled in by the Clerk's Office)*

**v.**

JONATHAN JONES ,

SCOTT BUSH ,

GLENN E. HANCOCK (See attached)

**Jury Trial Requested?**
☐ YES ☑ NO

*(Write the full name of each
Defendant who is being sued. If the
names of all the Defendants cannot
fit in the space above, please write
"see attached" in the space and
attach an additional page with the
full list of names. Do not include
addresses here.)*

_____ /

FILED USDC FLND TL
MAY 10 '21 PM 5:13

Defendants Continued:
ABNER BOWEN,
CHRISTOPHER R. BRANNON,
CAROL P.ITTMAN, and
MARK S. INCH,
        Defendants.

## I. PARTIES TO THIS COMPLAINT

### A. Plaintiff

Plaintiff's Name: _Nathaniel  R.  Brazill_   ID Number: _W16443_

List all other names by which you have been known: _N/A_

Current Institution: _Jackson  Correctional  Institution_

Address: _5563  10th  Street,  Malone,  FL  32445-3144_

### B. Defendant(s)

State the name of the Defendant, whether an individual, government agency, organization, or corporation.   For individual Defendants, identify the person's official position or job title, and mailing address.   Indicate the capacity in which the Defendant is being sued.   Do this for *every* Defendant:

1. Defendant's Name: _Jonathan  Jones_

   Official Position: _Correctional  Officer  Colonel_

   Employed at: _Okaloosa  Correctional  Institution_

   Mailing Address: _3189  Little  Silver  Rd._

   _Crestview,  FL  32539-6708_

   ☑ Sued in Individual Capacity     ☑ Sued in Official Capacity

2. Defendant's Name: Scott Bush

   Official Position: Senior Classification Officer

   Employed at: Jackson Correctional Institution

   Mailing Address: 5563 10th Street

   Malone, FL 32445-3144

   ☑ Sued in Individual Capacity       ☐ Sued in Official Capacity

3. Defendant's Name: Glenn E. Hancock

   Official Position: Assistant Warden of Programs

   Employed at: Jackson Correctional Institution

   Mailing Address: 5563 10th Street

   Malone, FL 32445-3144

   ☑ Sued in Individual Capacity       ☑ Sued in Official Capacity

   *(Provide this information for all additional Defendants in this case by attaching additional pages, as needed.)*

## II. BASIS FOR JURISDICTION

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution" and federal law. Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), you may sue federal officials for the violation of certain Constitutional rights.

PARTIES TO THIS COMPLAINT (Continued):

4. Defendant's Name: Abner Bowen
   Official Position: Correctional Officer Lieutenant
   Employed at: Jackson Correctional Institution
   Mailing Address: 5563 10th Street
                    Malone, FL 32445-3144
       Sued in Individual Capacity

5. Defendant's Name: Christopher R. Brannon
   Official Position: Unknown
   Employed at: Department of Corrections
   Mailing Address: 501 S. Calhoun St.
                    Tallahassee, FL 32399
       Sued in Individual and Official Capacities

6. Defendant's Name: Carol Pittman
   Official Position: Unknown
   Employed at: Jackson Correctional Institution
   Mailing Address: 5563 10th Street
                    Malone, FL 32445-3144
       Sued in Individual Capacity

7. Defendant's Name: Mark S. Inch
   Official Position: Secretary
   Employed at: Department of Corrections
   Mailing Address: 501 S. Calhoun St.
                    Tallahassee, FL 32399
       Sued in Official Capacity

3A

Are you bringing suit against (*check all that apply*):

☐ Federal Officials (*Bivens case*)      ☑ State/Local Officials *(§ 1983 case)*

## III. PRISONER STATUS

Indicate whether you are a prisoner, detainee, or in another confined status:

☐ Pretrial Detainee                ☐ Civilly Committed Detainee

☑ Convicted State Prisoner          ☐ Convicted Federal Prisoner

☐ Immigration Detainee              ☐ Other *(explain below)*:

_____

_____

## IV. STATEMENT OF FACTS

Provide a short and plain statement of the *facts* which show why you are entitled to relief. Describe how *each* Defendant was involved and what each person did, or did not do, in support of your claim. Identify when and where the events took place, and state how each Defendant caused you harm or violated federal law. Write each statement in short numbered paragraphs, limited as far as practicable to a single event or incident. ***Do not make legal argument, quote cases, cite to statutes, or reference a memorandum.*** You may make copies of the following page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages

should be attached.  ***Facts not related to this same incident or issue must be addressed in a separate civil rights complaint.***

In December 2019, Plaintiff Brazill was incarcerated at Holmes Correctional Institution. On December 17, 2019, the Institutional Classification Team at Jackson Correctional Institution made a request to the State Classification Office for inmates with minimum security custody levels eligible to work outside of the secure perimeter of the Graceville Work Camp. The State Classification Office approved Plaintiff Brazill for a "Department Needs" transfer from Holmes Correctional. On January 6, 2020, Plaintiff Brazill was transferred to Jackson Correctional, which is the parent facility for Graceville. Then on January 8, Plaintiff Brazill was transferred to Graceville. By custom and practice, the Secretary of Corrections delegated policy making authority to Defendants Jones, Hancock, and Brannon. On January 12, Plaintiff Brazill wrote an informal grievance to Defendant Jones complaining that Sergeant Russ

**Statement of Facts Continued** *(Page __2__ of __11__ )*

required inmates to wear class A uniforms during formal counts, contrary to Florida Administrative Code Chapter 33-602.101(2)(b). On January 12, Plaintiff Brazill wrote an informal grievance complaining that he was being prohibited from wearing athletic shorts to the canteen from the recreation yard, contrary to F.A.C. Chapter 33-602.101(2)(b)3.d. Also on January 12, Plaintiff Brazill wrote an informal grievance complaining that Sergeant Russ required inmates to wear class A uniforms on weekends for formal counts, contrary to F.A.C. Chapter 33-602.101(2)(b). Defendant Bush was responsible for collecting grievances filed by inmates at Graceville and he did collect the grievances filed by Plaintiff Brazill. On January 14, Defendant Bush summoned Plaintiff Brazill to his office for a meeting. During the January 14 meeting, Plaintiff Brazill inquired into the basis for his transfer from Holmes Correctional. Defendant Bush explained that because there was

Statement of Facts Continued (Page 3 of 11)

an insufficient number of inmates at Jackson Correctional eligible to be housed at Graceville, the Classification Team at Jackson Correctional had requested inmates with minimum security custody levels from other institutions and that Plaintiff Brazill was selected due to his minimum security custody level meeting the specified criteria. Plaintiff Brazill then inquired into the identity of the official who selected Plaintiff Brazill for transfer from Holmes Correctional. Defendant Bush immediately became agitated and upset, abruptly declaring, "You're not gonna ask me ten questions so that you can go back to your dorm and write forty grievances. I don't have time for that. I have more important stuff to do." Defendant Bush ended the meeting and ordered Plaintiff Brazill to leave his office. Plaintiff Brazill left. On January 22, Defendant Jones denied Plaintiff Brazill's January 12 informal grievance concerning the prohibition against wearing athletic shorts to the canteen from the recreation yard, stating, in relevant part, "This requirement is done at my directive." Later on January 22, 2020, Plaintiff Brazill wrote a formal grievance to the warden again complaining that he was being prohibited from wearing athletic shorts to the canteen from the recreation yard, contrary to F.A.C. Chapter 33-602.101(2)(b)3.d., and asserting that "Major Jonathan Jones is not authorized to issue directives which supersede Department

6A

Statement of Facts Continued (Page 4 of 11)

policy." On January 23, at approximately 7:10 a.m., Defendant Bowen entered Wing-1 of K-dormitory where Plaintiff Brazill was housed and summoned Plaintiff Brazill to the Dayroom. Defendant Bowen ordered all other inmates in the Dayroom to get out, leaving him alone in the Dayroom with Plaintiff Brazill. Defendant Bowen was intent on ensuring the absence of other inmates as witnesses to his intimidation and harassment. Once alone in the Dayroom with Plaintiff Brazill, Defendant Bowen commanded Plaintiff Brazill to sit-down. Plaintiff Brazill complied with Defendant Bowen's command and sat down. Defendant Bowen remained standing, towering over Plaintiff Brazill approximately 4-feet away from him. Plaintiff Brazill was made uncomfortable, felt nervous, and rendered timid. Defendant Bowen began by stating, "I hear you been having some problems." Plaintiff Brazill asked, "Such as?" Defendant Bowen answered, "Class A and that type of thing." Defendant Bowen later stated, "I'm here to ask you to slow down. I'm not saying you can't file grievances; just slow down with your grievances." Defendant Bowen went on to try to convince Plaintiff Brazill that "class A" was not that big of an issue and not a "legitimate" grievance. At one point, Defendant Bowen said that Plaintiff Brazill had already filed "multiple grievances." Defendant Bowen told Plaintiff Brazill, "I looked at your file; that's why I'm here talking to you." Defendant Bowen again

6 B

Statement of Facts Continued (Page 5 of 11)
warned Plaintiff Brazill to "slow down" with filing
grievances. Defendant Bowen had no responsibilities
with respect to the inmate grievance process. After
Defendant Bowen's confrontation, on January 23, Plaintiff
Brazill wrote a formal grievance to the warden
complaining that the requirement to be in class A
uniform during formal counts was inconsistent
with and disregarded established Department policy,
and that the inmate handbook cannot supersede
F.A.C. Chapter 33-602.101(2)(b) 2-3. On or about
January 24, Defendant Bush recommended to the
Institutional Classification Team that Plaintiff
Brazill be removed from Graceville. The Classifica-
tion Team consisted of Defendants Hancock, Jones,
and Pittman. On or about January 24, the
Classification Team approved the recommendation of
Defendant Bush to remove Plaintiff Brazill from
Graceville. On January 24, Plaintiff Brazill was
transferred from Graceville to Jackson Correctional.
Defendant Brannon ratified the decision to
transfer and ban Plaintiff Brazill from
Graceville. On February 13, Plaintiff Brazill wrote
a formal grievance complaining that he "was
subjected to retaliation by Major Jonathan Jones,"
describing the circumstances surrounding his
transfers to and from Graceville, and claiming
that he was "transfer[red] from Graceville W.C.
with a directive issued by Major Jonathan
Jones that [he] not return." On March 2,
Defendant Brannon denied Plaintiff Brazill's

6C

Statement of Facts Continued (Page 6 of 11)

February 13 formal grievance. On March 1, Plaintiff Brazill filed an informal grievance to document the February 19 report to Assistant Warden Jerry R. Kelley of his claim of retaliation by Defendant Jones. In response to Plaintiff Brazill's March 1 informal grievance, on March 5 Defendant Brannon wrote, "You are grieving an issue that is not within your control. Based on your comments above, no retaliation exists on the part of Major Jones." Also on March 2, Plaintiff Brazill wrote a letter to James Perdue, a Circuit Administrator for the Department of Corrections. In his March 2 letter, Plaintiff Brazill details his transfer to Graceville and the reason for the transfer, his use of the grievance process to bring policy conflicts to the attention of Defendant Jones, the intimidation he was subjected to by Defendant Bowen, and his transfer from Graceville after 16-days with the directive from Defendant Jones that he not be returned to Graceville. Plaintiff Brazill's March 2 letter concluded with a request for an investigation. On March 9, at approximately 8:40 a.m., Defendant Bush hand-delivered to Plaintiff Brazill a March 6 memo from the "Warden's Office" which rejected Plaintiff Brazill's retaliation claim as described in the March 2 letter, and which was signed by Defendant Bush "for Warden Brannon." On March 11, Plaintiff Brazill filed a formal grievance complaining that Assistant Warden Kelley was deliberately indifferent to his

Statement of Facts Continued (Page 7 of 11)
accusation of retaliation by Defendant Jones. On March 26, Defendant Brannon denied Plaintiff Brazill's March 11 formal grievance. On May 5, Plaintiff Brazill was excluded from the group of inmates who were transferred to Graceville. On June 24, Plaintiff Brazill was again excluded from the group of inmates who were transferred to Graceville. On July 20, Plaintiff Brazill wrote to Defendant Hancock requesting "to transfer to the Graceville Work Camp." On July 29, Plaintiff Brazill was not included in the group of inmates who were transferred to Graceville. On August 5, in response to the July 20 request, Plaintiff Brazill was advised, "You unfortunately have a red flag against being sent to the Graceville Work Camp." Plaintiff Brazill has not been incarcerated at Graceville Work Camp since January 24, 2020. The totality of the circumstances suggests that Plaintiff Brazill has been banned from Graceville which a reasonably objective person could conclude was motivated by retaliatory animus. Although Plaintiff Brazill retained his minimum security custody level, Plaintiff Brazill's transfer from Graceville caused him to be incarcerated at Jackson Correctional which is a more restrictive maximum security facility with more inmate-on-inmate violence and inmate deaths including the death of a 22-year-old inmate on February 17, 2020. Plaintiff Brazill's transfer from Graceville resulted in the loss of

6E

Statement of Facts Continued (Page 8 of 11)
daily canteen and outdoor recreation privileges, and
the loss of opportunity for an outside the gates
work assignment. Plaintiff Brazill was not charged
with or accused of any disciplinary infraction, nor
alleged to have engaged in any disorderly or
disruptive conduct, nor behavior which threatened
order or security to warrant a transfer from
Graceville. There was no health, program, or other
legitimate penological interest to warrant
transferring Plaintiff Brazill from Graceville. The
January 24 transfer of Plaintiff Brazill from
Graceville was so completely without merit as to
allow the reasonable inference that his transfer
was undertaken for an improper purpose. The
chronology of events indicate that but for Plaintiff
Brazill's grievances about prison conditions at
Graceville, Plaintiff Brazill would not have been
transferred and banned from Graceville after only
16-days. Defendant Brannon was repeatedly presented
with the factual circumstances surrounding the
actions of Defendants Jones, Bush, Hancock, Bowen,
and Pittman, in the intimidation, and transferring
and banning of Plaintiff Brazill from Graceville.
Defendant Brannon's rejection of Plaintiff Brazill's
February 13 formal grievance, March 1 informal
grievance, March 2 letter, and March 11 formal
grievance, repeatedly asserting that his transfer
and banning from Graceville was retaliation, is
tantamount to tacit approval of the decisions of
his subordinates and the basis for their decisions.

6 F

Statement of Facts Continued (Page 9 of 11)

Defendant Brannon failed to take the corrective action of directing his subordinates to return Plaintiff Brazill to Graceville and failed to take any remedial action to rectify the unconstitutional transfer and banning of Plaintiff Brazill from Graceville. Defendant Inch failed to train subordinate prison officials that it is unlawful for them to transfer and ban inmates from prison facilities because the inmates file complaints regarding prison conditions at those facilities, and Defendant Inch was deliberately indifferent to the repetitive transferring and banning of Plaintiff Brazill from prison facilities in retaliation for complaining about prison conditions at those facilities. Employees of the Florida Department of Corrections have engaged in a widespread, persistent, and longstanding pattern of transferring and banning Plaintiff Brazill and similarly situated inmates from prison facilities in retaliation for filing complaints about prison conditions at those facilities. In 2009, Plaintiff Brazill was incarcerated at Desoto Correctional Institution Annex. On September 11, 2009, Plaintiff Brazill initiated a civil action in the Second Judicial Circuit Court in Leon County challenging a local dress code promulgated by Colonel Bethyl Elaine Cowart, the chief of security at Desoto Correctional. On or about October 9, 2009, Colonel Cowart and Assistant Warden Ronald L. Holmes, among others, received service of process. After receiving service of process, Colonel Cowart went to Assistant Warden Holmes to see "what could be done" since Plaintiff

6G

Statement of Facts Continued (Page 10 of 11)

Brazill had filed a lawsuit against herself and Holmes. On November 5, 2009, a memorandum promulgated by Classification Officer Ardine L. Primus to the three-person Institutional Classification Team recommended Plaintiff Brazill's transfer based on his "pending litigation against numerous staff" at Desoto Correctional. The memorandum went to the Classification Team, which was comprised of Assistant Warden Holmes, Classification Supervisor Edwards, and Major Reed, and the Classification Team recommended Plaintiff Brazill's transfer "for the security of the institution." Regional State Classification Officer Glenn R. Morris approved the transfer, noting, "For the safety of Inmate Brazill and for the security of the institution as Inmate Brazill apparently has pending litigation against staff at Desoto [ ] and thus to avoid any conflict inmate is approved for transfer." Plaintiff Brazill was transferred from, and has not been incarcerated at, Desoto Correctional since December 2, 2009. With respect to Plaintiff Brazill's December 2, 2009 transfer from Desoto Correctional, on June 14, 2013, U.S. District Judge John E. Steele ruled, "[A] reasonable jury could conclude that [Plaintiff Brazill's] civil action in Leon County was the motivating factor behind his transfers and placement in administrative confinement on two occasions. Not only does the record contain sufficient facts of personal participation as to each Defendant, but the record contains a question of material

6H

Statement of Facts Continued (Page 11 of 11)
fact as to whether the Florida Department of
Corrections had adopted a policy or procedure
allowing for inmates to be transferred from their
current place of incarceration when they file
lawsuits against correctional officials from that
institution." Brazill v. Cowart, No. 2:10-cv-458-FtM-29DNF,
2013 U.S. Dist. LEXIS 84058, at *15-16 (M.D. Fla. June 14,
2013). Despite the series of grievances filed by
Plaintiff Brazill regarding his January 24, 2020
transfer from Graceville, and his December 2, 2009
transfer from Desoto Correctional, there was no
formal misconduct investigation, no prison officials
were subjected to any disciplinary action or
otherwise sanctioned or reprimanded, and there
were no changes to the training of prison
officials regarding retaliating against inmates.
Defendant Inch's deliberate indifference to the
repetitive transferring and banning of Plaintiff
Brazill from prison facilities in retaliation for
complaining about prison conditions at those
facilities caused Plaintiff Brazill's January 24,
2020 transfer and banning from the Graceville
Work Camp.

6I

## V. STATEMENT OF CLAIMS

State what rights under the Constitution, laws, or treaties of the United States have been violated.  Be specific.  If more than one claim is asserted, number each separate claim and relate it to the facts alleged in Section III.  If more than one Defendant is named, indicate which claim is presented against which Defendant.

Plaintiff Brazill was deprived of his First Amendment right to file grievances about prison conditions without being subjected to retaliation by Defendants Jones, Bush, Hancock, Bowen, Brannon, Pittman, and Inch.

## VI. RELIEF REQUESTED

State briefly what relief you seek from the Court.  Do not make legal arguments or cite to cases/ statutes.  If requesting money damages *(either actual or punitive damages)*, include the amount sought and explain the basis for the claims.

A judgment declaring the January 24, 2020 transfer and banning of Plaintiff Brazill from Graceville Work Camp to be an unconstitutional act of retaliation violative of the First Amendment; an

RELIEF   REQUESTED (Continued):

injunction ordering the removal of the "red flag" banning Plaintiff Brazill from incarceration at the Graceville Work Camp; an injunction ordering Defendant Inch to transfer Plaintiff Brazill back to Desoto Correctional or Martin Correctional or Dade Correctional to be incarcerated in close proximity to his visitors, permanent residence, and county of commitment in Palm Beach County; an injunction ordering Defendant Inch to enforce compliance with the Department's inmate uniform policy outlined in F.A.C. Chapter 33-602.101(2)(b); a judgment against the Defendants in their individual capacity awarding Plaintiff Brazill nominal damages in the amount of one hundred dollars ($100); a judgment awarding Plaintiff Brazill taxable costs for the prosecution of this action; and a judgment awarding Plaintiff Brazill reasonable Attorney's fees following the appearance of counsel.

7A

**ATTENTION:** *The Prison Litigation Reform Act ("PLRA") does not permit awards for punitive or compensatory damages "for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act . . . ." 42 U.S.C. § 1997e(e).*

## VII.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

The PLRA requires that prisoners exhaust all available administrative remedies *(grievance procedures)* before bringing a case.  42 U.S.C. § 1997e(a).  **ATTENTION:** *If you did not exhaust available remedies prior to filing this case, this case may be dismissed.*

## VIII.   PRIOR LITIGATION

**ATTENTION:** *The "three strikes rule" of the PLRA bars a prisoner from bringing a case without full payment of the filing fee at the time of case initiation if the prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).*

A. To the best of your knowledge, have you had any case dismissed for a reason listed in § 1915(g) which counts as a "strike"?

☐ YES   ☐ NO   *Cannot recall*

If you answered yes, identify the case number, date of dismissal and court:

1. Date: _Unknown_    Case #: _Cannot recall_

   Court: _Cannot recall_

2. Date: _Unknown_    Case #: _Cannot recall_

   Court: _Cannot recall_

3. Date: _Unknown_    Case #: _Cannot recall_

   Court: _Cannot recall_

   *(If necessary, list additional cases on an attached page)*

B. Have you filed other lawsuits in either **state or federal court** dealing with the same facts or issue involved in this case?

☐ YES   ☐ NO   *Cannot recall*

If you answered yes, identify the case number, parties, date filed, result *(if not still pending)*, name of judge, and court for each case *(if more than one)*:

1. Case #: _Unknown_    Parties: _Cannot recall_

Court: _Cannot recall_   Judge: _Cannot recall_

Date Filed: _Unknown_ Dismissal Date *(if not pending)*: _Unknown_

Reason: _Cannot recall_

2. Case #: _Unknown_   Parties: _Cannot recall_

Court: _Cannot recall_   Judge: _Cannot recall_

Date Filed: _Unknown_ Dismissal Date *(if not pending)*: _Unknown_

Reason: _Cannot recall_

C. Have you filed any other lawsuit in federal court either challenging your conviction or otherwise relating to the conditions of your confinement?

☑ YES   ☐ NO

If you answered yes, identify all lawsuits:

1. Case #: _Cannot recall_ Parties: _Cannot recall_

Court: _Cannot recall_   Judge: _Cannot recall_

Date Filed: _Unknown_ Dismissal Date *(if not pending)*: _Unknown_

Reason: _Cannot recall_

2. Case #: _Cannot recall_ Parties: _Cannot recall_

Court: _Cannot recall_   Judge: _Cannot recall_

Date Filed: _Unknown_ Dismissal Date *(if not pending)*: _Unknown_

Reason: _Cannot recall_

3. Case #: _Cannot recall_ Parties: _Cannot recall_

Court: _Cannot recall_   Judge: _Cannot recall_

Date Filed: _Unknown_ Dismissal Date *(if not pending)*: _Unknown_

Reason: _Cannot recall_

4. Case #: _Cannot recall_ Parties: _Cannot recall_

   Court: _Cannot recall_   Judge: _Cannot recall_

   Date Filed: _Unknown_ Dismissal Date *(if not pending)*: _Unknown_

   Reason: _Cannot recall_

5. Case #: _Cannot recall_ Parties: _Cannot recall_

   Court: _Cannot recall_   Judge: _Cannot recall_

   Date Filed: _Unknown_ Dismissal Date *(if not pending)*: _Unknown_

   Reason: _Cannot recall_

6. Case #: _Canot recall_ Parties: _Cannot recall_

   Court: _Cannot recall_   Judge: _Cannot recall_

   Date Filed: _Unknown_ Dismissal Date *(if not pending)*: _Unknown_

   Reason: _Cannot recall_

*(Attach additional pages as necessary to list all cases.* ***Failure to disclose all prior cases may result in the dismissal of this case.)***

## IX. CERTIFICATION

I declare under penalty of perjury that the foregoing (including all continuation pages) is true and correct. Additionally, as required by Federal

Rule of Civil Procedure 11, I certify that to the best of my knowledge, information, and belief, this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to timely notify the Clerk's Office if there is any change to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date: 4/29/21   Plaintiff's Signature: _Nathaniel R. Brazill_

Printed Name of Plaintiff: _Nathaniel R. Brazill_

Correctional Institution: _Jackson Correctional Institution_

Address: _5563 10th Street_

_Malone, FL 32445-3144_

**I certify and declare, under penalty of perjury, that this complaint was**

**(*check one*) □ delivered to prison officials for mailing or ☑ deposited in**

the prison's mail system for mailing on the ___29th___ day of ___April___,

20 _21_ .


Signature of Incarcerated Plaintiff: ___Nathaniel  R.  Brazil___

Anthony Powell #W44042
Jackson Correctional Institution
5563 10th Street
Malone, FL 32445-3144



SPOKANE P&DC 992
FRI 07 MAY 2021 PM

MAY 10 2021

Clerk of the Court
U.S. District Courthouse
111 N. Adams Street, Ste. 322
Tallahassee, FL 32301-7717