UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

NATHANIEL R. BRAZILL,

      Plaintiff,

v.                                      Case No.  5:21-cv-99-TKW-MJF

JONATHAN JONES, et al.,

      Defendants.

_____/

## ORDER

This case is before the Court based on the magistrate judge's Report and Recommendation (Doc. 78) and the parties' objections (Docs. 81, 82). Neither party responded to the other party's objections within the time allowed by Fed. R. Civ. P. 72(b)(2).

The Court reviewed the issues raised in the objections de novo as required by 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(3), and based on that review, the Court agrees with the magistrate judge's determination that the claims against Defendant Dixon are due to be dismissed. The Court also agrees with the magistrate judge's determination that Plaintiff's claims are not barred by the statute of limitations under current Eleventh Circuit precedent. However, the Court agrees with Defendants that Plaintiff's conspiracy claims are barred by the intra-corporate

conspiracy doctrine.[1]  *See Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1261 (11th Cir. 2010).   Accordingly, it is

      **ORDERED** that:

1.    The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this Order, except as stated above.

2.    Defendants' motion to dismiss (Doc. 58) is

    a.    **GRANTED** with respect to the conspiracy claim (Count III) and the claims against Defendant Dixson (Counts VI and VII); and

    b.    **DENIED** in all other respects.

3.    The claims in Counts III, VI and VII, of the fourth amended complaint are **DISMISSED with prejudice**, and the Clerk shall terminate Defendant Dixson as a party in CM/ECF.

4,    This case is returned to the magistrate judge for further proceedings on the remaining claims.

---

[1]  The "intra-corporate-conspiracy doctrine" was not raised in Defendants' motion to dismiss, but that does not preclude the Court from considering the issue because Defendants sought dismissal of the conspiracy claim on other grounds and the "intra-corporate-conspiracy doctrine" was raised in Defendants' objections to the Report and Recommendation and Plaintiff had the opportunity to (but did not) respond to the objections.  *See Stephens v. Tolbert*, 471 F.3d 1173, 1176-77(11th Cir. 2006) (holding that district court has discretion to consider an issue raised for the first time in an objection to the magistrate judge's report and recommendation).

**DONE and ORDERED** this 10th day of April, 2023.

_____

**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**